IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

| | |
|---|---|
| **JOHN W. WASHINGTON, as next friend of MAE R. WASHINGTON,** | |
| Plaintiff, | |
| *versus* | Civil Action No. |
| **BIO-MEDICAL APPLICATIONS OF ALABAMA, INC, a corporation,** | 2:17-cv-00518-MHT-TFM |
| Defendant. | |
| | |
| **JOHN W. WASHINGTON, as next friend of MAE R. WASHINGTON,** | |
| Plaintiff, | |
| *versus* | Civil Action No. |
| **BIO-MEDICAL APPLICATIONS OF ALABAMA, INC, a corporation,** | 2:17-cv-00855-MHT-TFM |
| Defendant. | |

## AMENDED COMPLAINT

Parties, Jurisdiction and Venue

1. Mae R. Washington is a citizen of the state of Alabama and a resident of Tallapoosa County; she is presently an incompetent person as a result of head trauma sustained in the fall that is the subject of this civil action; Plaintiff John W. Washington, Ms. Washington's son, who is over the age of 21 years and also a citizen and resident of Tallapoosa County, brings this civil action on her behalf as her next friend.

2. Defendant Bio-Medical Applications of Alabama, Inc. is a corporation which was incorporated under the laws of the State of Delaware; it has not been incorporated under the laws

of the State of Alabama and, upon information and belief, is not incorporated under the laws of any other state.

3. The principal place of business of Bio-Medical Applications of Alabama, Inc. is in the state of Delaware at 100 West Tenth Street, Wilmington, Delaware. It does business by agent in the Northern Division of the Middle District of Alabama, including the operation of a renal dialysis clinic doing business as Fresenius Kidney Care at 1012 Friendship Road, Tallassee, Alabama.

4. The amount in controversy herein exceeds the sum of seventy five thousand dollars ($75,000.00), exclusive of interests and costs.

5. This Court has jurisdiction of this civil action pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the plaintiff and the defendant and the amount in controversy exceeds $75,000, exclusive of interests and costs.

6. This civil action is properly venued in the Northern Division of the Middle District of Alabama, pursuant to 28 U.S.C. §1391.

Allegations Common to All Claims

7. Beginning December, 2015, plaintiff Mae Washington became a patient at the dialysis clinic (hereinafter "the clinic") operated by defendant Bio-Medical Applications of Alabama, Inc. (hereinafter "Bio-Med"), d/b/a Fresenius Kidney Care, and located 1012 Friendship Road, Tallassee, Alabama.

8. In addition to suffering from renal disease that necessitated dialysis, Ms. Washington suffered from mild dementia and had ambulatory and balance problems that confined her to a wheelchair.

9. Between December, 2015, and June 2, 2017, Ms. Washington received dialysis treatments three days per week at the clinic, each lasting approximately 3 to 4 hours.

10. Due to Ms. Washington's mental status, ambulatory and balance problems, among other things, Ms. Washington was a serious fall risk and should not be left unattended at any time.

11. Bio-Med and its agents and employees at the clinic had direct and specific knowledge of the fact that Ms. Washington was a very serious high fall risk patient and should not be left unattended from both Ms. Washington's medical records, but also from the "fall risk assessment"

made by Bio-Med and from being told and warned by her son John Washington of the danger to Ms. Washington posed by falls and that she should never be left unattended at the clinic.

12. On June 2, 2017, Mae Washington came to the clinic and received dialysis treatment, at the completion of which employees of Bio-Med on duty at its Tallassee clinic on June 2, 2017, took or accompanied Ms. Washington to an area adjacent to the treatment floor or area and left Ms. Washington unattended.

13. In so acting, those employees at the clinic on June 2, 2017:
   a. failed to act with care in accordance with the knowledge of and the requests and warnings given them about the high risk and danger of Ms. Washington falling at their clinic;
   b. failed to take effective precautions to prevent Ms. Washington from falling while at their clinic;
   c. failed to observe, accompany, attend, monitor and/or assist Ms. Washington while at their clinic to prevent her from falling;
   d. left Ms. Washington unattended at the clinic with knowledge of the high risk and danger of her falling and knowledge of the serious danger posed to Ms. Washington if she should fall at the clinic; and
   e. failed to prevent Ms. Washington's preventable fall at the clinic.

14. These acts and omissions proximately caused Ms. Washington to fall from her wheelchair and strike her head on the hard tile floor in the area in which she was left unattended.

15. In this fall, Ms. Washington received catastrophic debilitating traumatic head and brain injuries, including a subdural hematoma causing inter-cranial bleeding that required her to be immediately medically evacuated by airlift to a hospital in Montgomery for emergency treatment.

16. At the hospital, Ms. Washington was admitted to its intensive care unit, where she was treated for 3 to 4 days until her condition sufficiently stabilized.  She remained in the hospital for approximately two weeks, being released on or about June 16, 2017, but was readmitted to the hospital with complications from this injury on June 26, 2017.

17. Since sustaining these neurological injuries in this fall at Bio-Med's clinic, Ms. Washington has remained in a semi-comatose and non-responsive state.

18. Ms. Washington's injuries appear to be irreversible and permanent; her doctors offer little hope that she will regain her normal, pre-accident neurologic and cognitive functioning.

19. In all of their interactions with Ms. Washington, including all of their actions and inactions alleged herein, the employees of Bio-Med at the clinic attending her at the Tallassee clinic on June 2, 2017, were acting as agents of Bio-Med and were acting within the line and scope of their employment with Bio-Med; accordingly, Bio-Med is responsible for all acts and omissions of its agents and employees, including those alleged herein under *respondeat superior* and/or principal-agent law.

20. The aforesaid acts and omissions of Bio-Med's employees on duty at its Tallassee clinic on June 2, 2017, were a proximate cause of serious, debilitating, painful injuries to Ms. Washington and defendant Bio-Med is liable for the acts and omissions of its agents and employees under the doctrine of *respondeat superior*.

## FIRST CLAIM FOR RELIEF

21. Plaintiff realleges all allegations of the above paragraphs 1 through 20, inclusive.

22. In the aforesaid acts and omissions, the agents and employees of Bio-Med on duty at its Tallassee clinic on June 2, 2017, were guilty of negligence.

23. The negligence of Bio-Medical Applications of Alabama, Inc. and its agents and employees was a proximate cause of serious, debilitating, painful injuries to plaintiff Mae R. Washington.

WHEREFORE, plaintiff demands a judgment against Bio-Medical Applications of Alabama, Inc., for compensatory damages in an amount to be determined by a jury, the costs of this action, and such other relief as plaintiff may be entitled to.

## SECOND CLAIM FOR RELIEF

24. Plaintiff realleges all allegations of the above paragraphs 1 through 20, inclusive.

25. In the aforesaid acts and omissions, the agents and employees of Bio-Med on duty at its Tallassee clinic on June 2, 2017, were guilty of wantonness.

26. The wantonness of Bio-Medical Applications of Alabama, Inc. and its agents and employees was a proximate cause of serious, debilitating, painful injuries to plaintiff Mae R. Washington.

WHEREFORE, plaintiff demands a judgment against Bio-Medical Applications of Alabama, Inc., for compensatory damages in an amount to be determined by a jury; for punitive damages in an amount determined by the jury to be sufficient to punish this defendant and others like it and deter defendant and others from such wanton acts and omissions in the future; the costs of this action; and such other relief as plaintiff may be entitled to.

/s/ Griffin Sikes, Jr.

Griffin Sikes, Jr.
Attorney for Plaintiffs
Post Office Box 11234
Montgomery, Alabama 36111
Telephone: 334.233.4070
E-mail: sikeslawyer@gmail.com

/s/ James R. Bowles

James R. Bowles
Attorney for Plaintiffs
2 S Dubois Street
Tallassee, AL 36078
Telephone: 334.283.6548
E-mail: jamesrbowles@aol.com

Plaintiff demands trial by jury of all issues.

/s/ Griffin Sikes, Jr.

Of Counsel

<u>Certificate of Service</u>

  I hereby certify that a true and correct copy of the foregoing has been filed in the Court's electronic database on this 8th day of January, 2018, for electronic service on all counsel of record in this case as follows:

    Leigh Anne Hodge, Esq., at <u>lhodge@bradley.com</u>

    Ellen S. Presley, Esq., at <u>epresley@bradley.com</u>

          <u>/s/ Griffin Sikes, Jr.</u>

          Of Counsel