IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN W. WASHINGTON, as next friend of MAE R. WASHINGTON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO.2:17-cv-855-MHT-TFM [wo] |
| BIO-MEDICAL APPLICATIONS OF ALABAMA, INC., a foreign Corporation, | ) ) ) ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff brings this action against Defendant Bio-Medical Applications of Alabama, Inc. d/b/a Fresenius Kidney Care ("Bio-Med") alleging damages for injuries she received when she fell from her wheelchair after receiving dialysis treatment at Bio-Med. This matter is pending before the Court on Plaintiff's Motion to Strike All Affirmative Defenses Alleging that the Alabama Medical Liability Act ("AMLA") § 6-5-548 et. seq. Applies to this Case (Doc. 15 filed January 6, 2018). Defendant has filed a Response (Doc. 17, filed) January 16, 2018) and an Evidentiary Submission in Opposition to the Motion. (Doc. 18, filed January 18, 2018). Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as maybe appropriate. (Doc. 6).

1

Specifically, Plaintiff alleges, in her Amended Complaint filed January 8, 2018, that Mae Washington was "a patient at the dialysis clinic (hereinafter 'the clinic') operated by defendant" Bio-Med. (Doc. 16 at ¶ 7). Plaintiff further alleges that "Bio-Med and its agents and employees at the clinic had direct and specific knowledge of the fact that Ms. Washington was a very serious high fall risk patient." (Doc. 16 at ¶ 11). Plaintiff "came to the clinic and received dialysis treatment, at the completion of which employees of Bio-Med on duty . . . took or accompanied Ms. Washington to an area adjacent to the treatment floor or area and left Ms. Washington unattended." (Doc. 16 at ¶ 12). As a result, Plaintiff alleges that Ms. Washington fell from her wheelchair and struck "her head on the hard tile floor in the area in which she was left unattended." (Doc. 16 at ¶ 14).

Plaintiff alleges that Defendant is liable because its employees "failed to act with care in accordance with the knowledge of and the requests and warnings given them about the high risk and danger of Ms. Washington falling at their clinic." (Doc. 16 at ¶13(a)). Plaintiff further alleges that Defendant is liable because while Ms. Washington was at the clinic on June 2, 2017, its employees "failed to take effective precautions", "failed to observe, accompany, attend, monitor and/or assist" and "left Ms. Washington unattended" and "failed to prevent" her fall. (Doc. 16 at ¶13(b)-(e)). On this basis, Plaintiff brings claims for negligence (Doc. 16 at ¶¶21-23) and wantonness (Doc. 16 at ¶¶24-26).

The parties dispute whether the Alabama Medical Liability Act ("AMLA") §6-5-

548 applies to this action.  The specific issue before this Court is whether the AMLA applies in an action for negligence and wantonness where a plaintiff falls on the premises of a health care provider from whom she is receiving medical treatment.  The AMLA states that it applies to "any action for injury, damages, or wrongful death, whether in contract or in tort, against a health care provider for breach of the standard of care, whether *resulting from acts or omissions in providing health care*, or the hiring, training, supervision, retention, or termination of care givers." Ala. Code §6-5-551. (Emphasis added). There is no dispute that Defendant is a "health care provider".  Rather, Plaintiff argues that the AMLA does not apply because the negligence or wantonness of Bio-Med's employees, which caused Plaintiff's injuries, is not "sufficiently related" to the provision of health care services to be covered under the AMLA.  (Doc. 15 at p. 5).  Plaintiff cites three cases in support of this argument.  Specifically, Plaintiff cites E*x parte Vanderwall,* 201 So.3d 525 (Ala. 2015)(AMLA does not apply to claims against physical therapist for assault and battery arising from alleged sexual assault), *Ex parte Altapointe Health Sys.,* 2017 WL 3940949 (Sept. 8, 2017)(AMLA does not apply to claims brought by group-home resident's father arising out of attack on resident by another resident), and *Ex parte Tombigbee Healthcare Auth.,* 2017 WL 6397655 (Dec. 15, 2017)(AMLA does not apply to claims brought against a radiological technician for sexual assault).

In *Ex parte Vanderwall*, the Alabama Supreme Court held that the AMLA did not

3

apply

> "to health-care providers who are alleged to have committed acts of sexual assault; such acts do not, by any ordinary understanding, come within the ambit of 'medical treatment' or 'providing professional services.'"

201 So.3d at 537.  In overruling the "simpl[e] time and place" analysis of *Mock v. Allen*, 783 So.2d 828 and *O'Rear v. B.H.*, 69 So.3d 106, the Court wrote

> "the AMLA is not just concerned with who committed the alleged wrongful conduct or when and where that conduct occurred but also with *whether the harm occurred because of the provision of medical services.*

*Ex parte Vanderwall,* 201 So.3d at 538. (Emphasis in original).  Thus, following the *Vanderwall* decision the relevant inquiry for the application of the AMLA includes questions of time and place, and also the question of whether the injury resulted from the medical services provided.  *Id.* The scope of the AMLA inquiry was reaffirmed in *Altapointe*, 2017 WL 3940949 at *2 and in *Tombigbee,* 2017 WL 639765 at *4.  Indeed, the Alabama Supreme Court "has interpreted the AMLA to apply to 'conduct that is, or that is *reasonably related to, the provision of health-care services allegedly resulting in a medical injury.'" See Altapointe,* 2017 WL 3940940 at *8 citing *Ex parte Vanderwall*, 201 So.2d at 537.

The question before the Court is whether the services provided to Ms. Washington at the clinic relating to her use of a wheelchair were or were "reasonably related to the provision of health care services", *id,* that allegedly resulted in Ms. Washington's injury

4

from the fall. It is undisputed that following dialysis Defendant's employees took Ms. Washington by wheelchair to a place near the nursing station to wait for her son to pick her up.  Ms. Washington fell from her wheelchair and was injured while waiting for her son.

Plaintiff argues that "the negligence of Bio-Med's personnel which caused Ms. Washington's injuries is not sufficiently related to the provision of therapeutic care or medical or health care services to be covered by the AMLA".  (Doc. 15 at p. 5).  The Court understands Plaintiff to argue that the AMLA does not apply in the instant case because the "health-care services" provided to Ms. Washington were limited to the dialysis treatment which Plaintiff had completed at the time of her fall.  Indeed, at the hearing before this Court on January 19, 2018, Plaintiff's counsel analogized this case to one for ordinary negligence for premise liability where a plaintiff slips, falls and is injured at a defendant's place of business.  Defendant argues on the other hand that the "health care services" at issue in this case included the nursing services provided to Ms. Washington involving her use of a wheelchair.  Defendant further argues that this is so, especially in light of Plaintiff's allegations that Defendant's employees were aware Ms. Washington presented a fall risk, which required a duty of care to prevent.  (Doc. 16 at ¶¶13(a)-(e) and 14).

Based upon a review of the AMLA and Alabama case law and the arguments of the parties, the Court is persuaded that since Ms. Washington was a dialysis patient with other

5

health issues, the duty of care inquiry relates to that of a reasonable nurse under the circumstances specific to Ms. Washington. Under the AMLA, that duty arises from the patient-health care provider relationship. *See Vanderwall*, 201 So.3d at 537 (For AMLA to apply, the harm alleged must have "*occurred because of the provision of medical services*.") (Emphasis in original). Indeed, if a non-patient with Ms. Washington's health conditions fell from her wheelchair while on Defendant's premises, the AMLA likely would not apply. Furthermore, if a patient with no increased risk of falling came to the clinic for dialysis treatment and slipped and fell while at the clinic, that would present a closer question of AMLA's applicability.

In the instant action, the question is more easily answered. Indeed, Ms. Washington came to Defendant's premises as a patient needing dialysis. She also suffered from other conditions which increased her risk of falling and required the use of a wheelchair. Plaintiff alleges that Defendant knew of her increased risk for falling and had a duty to prevent Ms. Washington from falling. (Doc. 16 at ¶¶13(a)-(e) and 14). Thus, the Court concludes that this case is factually analogous to *Walker v. Southeast Alabama Medical Center*, 545 So. 2d 769 (Ala. 1989). In *Walker,* the Alabama Supreme Court held AMLA applied to a patient's claims against a hospital brought as a result of injuries she received when she fell from her hospital bed after the doctor instructed the nurse to keep the bed rails up because of the patient's risk of fainting. By contrast the three cases relied

6

upon by Plaintiff, *Vanderwall, Altapointe,* and *Tombigbee*, *supra,* are factually dissimilar to the instant action because they all involve assaults which in no way related to medical treatment.

From the allegations in the Complaint and Alabama law, the Court concludes that the Defendant's duty of care in the instant case extended to the health care services provided to ensure Ms. Washington's safety while at the clinic. Indeed, the Complaint seeks damages for medical injury which occurred in the course of Bio-Med rendering professional medical services to Ms. Washington. Accordingly, the Court concludes that the nursing services provided to Ms. Washington at the clinic, including those involving her use of a wheelchair, were themselves "health care services" or were "reasonably related to the provision of health care services", *id,* such that AMLA applies and governs the parameters of this action. Thus, the Court concludes that Plaintiff's Motion to Strike All Affirmative Defenses Alleging that the Alabama Medical Liability Act ("AMLA") § 6-5-548 et. seq. Applies to this Case (Doc. 15) is due to be denied.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that that Plaintiff's Motion to Strike All Affirmative Defenses Alleging that the Alabama Medical Liability Act ("AMLA") § 6-5-548 et. seq. Applies to this Case (Doc. 15) be DENIED. It is further

ORDERED that the Plaintiff file any objections to this Recommendation on or

before **February 14, 2018.**   Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.   Frivolous, conclusive or general objections will not be considered by the District Court.   The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.   *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 31st day of January, 2018.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

8