IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHN W. WASHINGTON, as next )
Friend of MAE R. WASHINGTON, )
                                                )
       Plaintiff,                    )
                                                )
v.                                       )      CASE NO.2:17-cv-855-MHT-TFM
                                                )      [wo]
BIO-MEDICAL APPLICATIONS )
OF ALABAMA, INC., a foreign )
Corporation, )
                                                  )
       Defendant.                 )

## PROTECTIVE O R D E R

     This matter is pending before the Court on Defendant's Motion for Protective Order (Doc. 36) and Plaintiff's Response.   (Doc. 37).   The parties have agreed to the entry of the proposed Protective Order with the exception of sections (¶ 3. and ¶6.c.) as contained in the proposed Protective Order.   (Doc. 36).   After consideration of the arguments of the parties, the Court concludes that neither of the disputed sections is appropriately included in the Order.   The Court further concludes that the Protective Order entered herein by the Court balances the privacy rights of the third-party patients without unnecessarily inhibiting Plaintiff's ability to conduct relevant discovery in this case.   Accordingly, it is

     **ORDERED** that the Motion for Protective Order (Doc. 36) be GRANTED.   It is further

**ORDERED** as follows:

1. For purposes of this Protective Order,

    a. "Action" means the above-referenced civil action and all of its appellate proceedings, if any.

    b. "Complaint" means the Complaint filed by Plaintiff in this Action.

    c. "Covered Entity" means "covered entity" as defined in 45 C.F.R. §160.103.

    d. "Third Party Patient" means any patient of Bio-Medical Applications, Inc. d/b/a/ Fresenius Medical Care Tallassee a/k/a Fresenius Kidney Care Tallassee ("FKC") who was present on the FKC Tallassee treatment floor during the events made the basis of the Complaint on June 2, 2017 and may have been a witness to the events made the basis of the Complaint. The term "Third Party Patient" is specifically defined for purposes of this Protective Order to exclude any other patient of FKC Tallassee who was not present on the FKC Tallassee treatment floor during the events made the basis of the Complaint on June 2, 2017.

    e. "PHI" means "protected health information" as defined in 45 C.F.R. §160.103.

2. The HIPAA regulations allow the use and disclosure of PHI for judicial

proceedings in response to "an order of a court . . . provided that the covered entity discloses only the protected health information expressly authorized by such order."   45 C.F.R. § 164.512(e)(1)(i).

3.   Under 45 C.F.R. § 164.512(e)(1)(i), FKC Tallassee, as a Covered Entity, is **AUTHORIZED** and **ORDERED** to disclose to Plaintiff the identities and las known mailing addresses of the Third Party Patients.

4.   The Third Party Patients may have witnessed the events on June 2, 2017 made the basis of this action.   As such, their identities are relevant to this Action as potential fact witnesses regarding the events of June 2, 2017.   No aspect of the Third Party Patients' PHI and/or medical care or treatment received at FKC Tallassee are relevant, discoverable, or admissible in this Action.

5.   As satisfactory safeguards under the hipaa REGULATIONS AND IN ORDER TO ABIDE BY THE PARAMETES OF THE Alabama Medical Liability Act, including the provisions of Ala. Code §6-5-551, the Court hereby **ORDERS** that Plaintiff and Defendant are:

a.   **PROHIBITED** from (i) asking the Third Party Patients for any of their PHI, (ii) seeking information containing the Third Party Patients' PHI, (iii) producing any documents that contain the Third Party Patients' PHI, and (iv) using any information or documents that contain the Third Party

Patients' PHI in this Action;

      b.   **PROHIBITED** from (i) asking the Third Party Patients for any details of their care or treatment at FKC Tallassee, (ii) seeking information regarding details of the Third Party Patients' care or treatment at FKC Tallassee, (iii) producing any documents that contain details regarding the Third Party Patients' care or treatment at FKC Tallassee, and (iv) using any information or documents that contain information regarding the Third Party Patients' care or treatment at FKC Tallassee in this Action.

6.   Unless another Court order requires, neither Plaintiff nor Defendant shall file with or submit to the Court in a public filing a document containing the identity of any of the Third Party Patients unless the information identifying the Third Party Patient is redacted and the patient cannot be identified.

7.   The entire transcript of any deposition taken of a Third Party Patient in this Action shall be treated as Confidential pursuant to the Court's January 30, 2018 Protective Order.  (Doc. 22).

8.   For any other deposition taken as part of this Action, to the extent unredacted names of the Third Party Patients are in the deposition transcript, the portion of the deposition transcript identifying the Third Party Patient{s} shall be treated

as Confidential pursuant to the Court's January 30, 2018 Protective Order. (Doc. 22).

9.  If any Party has cause to believe that a violation of this Protective Order has occurred or is about to occur, the Party shall first confer with the other Parties involved.  If the issue raised cannot be resolved promptly, then a Party shall have the right to petition this Court for appropriate relief.

10.  This Protective Order neither broadens nor restricts FKC Tallassee's rights and obligations under HIPAA.

11.  Nothing in this Protective Order is relevant to whether any document or information is or is not admissible into evidence nor does it preclude a Party from objecting on any grounds to the use of a document or information.


DONE this 16th day of February, 2018.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE