IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN W. WASHINGTON as next Friend of MAE R. WASHINGTON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO.2:17-cv-855-MHT [wo] |
| BIO-MEDICAL APPLICATIONS OF ALABAMA, INC., a foreign corporation, | ) ) ) ) | |
| Defendant. | ) ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff brings this action against Defendant Bio-Medical Applications of Alabama, Inc. d/b/a Fresenius Kidney Care ("Bio-Med") alleging damages for injuries she received when she fell from her wheelchair after receiving dialysis treatment at Bio-Med. This matter is pending before the Court on Plaintiff's Second Motion in Limine (Doc. 53) which asks the Court to issue a ruling that Plaintiff is not required to present expert testimony regarding the applicable standard of care. Defendant filed its Response wherein it argues that expert testimony is required in this case. (Doc. 59). For the reasons stated below, the Court concludes that Plaintiff's Second Motion in Limine (Doc. 53) should be denied as the Alabama Medical Liability Act ("AMLA") requires expert testimony on the standard of care in this action unless an exception applies.

The general rule under AMLA is that expert testimony is necessary to establish the standard of care required. *See,* Ala. Code § 6-5-548(a); *Sorrell v. King,* 946 So. 2d 854, 861 (Ala. 2006). Plaintiff argues that this case falls within the two exceptions to the general rule concerning expert testimony. First Plaintiff argues that the act or omission in this case falls within a class of cases "where want of skill or lack of care is so apparent . . . as to be understood by a layman, and requires

only common knowledge and experience to understand it." *Ex parte HealthSouth Corp,* 851 So. 2d 33, 42 (Ala. 2002) (No expert needed with respect to allegation that hospital breached its duty when nursing staff failed to respond to her calls for assistance in walking to the bathroom). The *HealthSouth* Court offered specific examples which fall into this exception "such as when a sponge is left in, where, for example, the wrong leg is operated on, or as here, where a call for assistance is completely ignored for an unreasonable period of time." *Id.* at 39.

Plaintiff argues that *HealthSouth,* can be read to hold that "[t]he standard of *nonmedical administrative, ministerial or routine care* in a hospital need not be established by expert testimony because the jury is competent from its own experience to determine and apply such a reasonable-care standard." *Id.* (citing *McGraw v. St. Joseph's Hospital,* 488 S.E. 2d 389 (1997)) (emphasis added). While the *HealthSouth* Court does cite to this proposition from the West Virginia case, it did not include this language in its express holding. Rather, the *HealthSouth* Court chose language requiring "common knowledge and experience" to take certain factual scenarios out of the general rule requiring an expert under AMLA. Moreover, the court listed specific examples falling within this general language. None of these examples include the facts presented in the case at bar.

Plaintiff further points to two Alabama cases which he argues are factually analogous to the instant action – *Walker v. Se. Ala. Med. Ctr,* 545 So. 2d 769, 771 (Ala. 1989) (No expert testimony necessary where Plaintiff fell from bed after doctor issued order, which was not followed, requiring bed rails be raised) and *Dallas by & Through Dallas v. Russell,* 727 So. 2d 110, 112 (Ala. Civ. App. 1998) (No expert testimony needed where child fell from chair after having teeth cleaned where defendant dentist and dental hygienist testified to standard of care and admitted its breach.) However, the facts are distinguishable as opposed to analogous between

these cases and the instant lawsuit.

Indeed, in *Dallas* there was testimony by the defendant dentist and hygienist as to standard of care and admissions as to its breach. In the instant action, there is limited standard of care testimony and no admissions to its breach. Further, there is disagreement between the parties on the standard of care applicable in this case. In fact, in response to a question by Plaintiff's counsel at deposition, Ms. Gaston, Defendant's employee who was supervising Plaintiff when the fall occurred, said she did not agree she needed to be close enough to a person to prevent their fall in order to "watchfully supervise" them. *See* Doc. 53-1 at p. 270-71.

Also, in *Walker*, in contrast to the instant action, there was a doctor's order to raise the bed rails which the Court recognized set the standard of care. Since there was no doctor's order on how to "watchfully supervise" Ms. Washington in the instant action, the Court concludes this action is more analogous to *Leonard v. Providence Hospital,* 590 So.2d 906 (Ala. 1991). In *Leonard,* the Court held that in an AMLA action brought for injuries sustained by Plaintiff who fell out of a hospital bed, expert medical testimony was needed to establish the standard of nursing care in the absence of a medical order requiring a certain type of treatment or precaution. *Id.* at 908. Accordingly, the Court concludes analogous case law supports the conclusion that expert testimony is necessary under the AMLA to establish the proper standard of care in this action.

Second, Plaintiff argues that because the standard of care has been admitted by the testimony of the defendant, expert witness testimony is unnecessary. The parties' arguments made in their briefs on the Second Motion in Limine (Docs. 53, 59) make clear there is some agreement that Defendant owed Plaintiff a duty of "watchful supervision." However, as the above testimony of Gaston demonstrates, there is disagreement about what "watchful supervision" means. The specific testimony is as follows:

> Q. Do you agree that you have to be close enough to someone to prevent their fall in order to watchfully supervise them?
> . . .
> A: No sir.
> Q: You don't agree with that?
> A: No, sir. I don't agree.

Doc. 53-1 at pp. 270-71. Thus, the Court concludes there has been no testimony by Defendant as to what it means to "watchfully supervise" Plaintiff, nor has there been any admission of such a failure. Accordingly, the Court concludes that Plaintiff's second argument for exception fails and that expert testimony is required in this case to establish the standard of care due and whether it was breached.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's Second Motion in Limine (Doc. 53) be denied on the basis that the Alabama Medical Liability Act ("AMLA") requires expert testimony in this action on the standard of care and its alleged breach and no exception applies in this case.

It is further ORDERED that the Plaintiff file any objections to this Recommendation on or before **August 22, 2018.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.

1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 8th day of August, 2018.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE